MARIO MERCADO & SONS, Plaintiffs and Appellants, *v.* ARTURO LLUVERAS and FRANCISCO LLUCH NEGRONI, MAYOR AND TREASURER OF THE MUNICIPALITY OF YAUCO, Defendants and Appellees.

No. 4077.   Argued February 15, 1927.—Decided July 26, 1927.

J. *Tous Soto* and *Fernando Zapater* for the appellants.   *López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipality of Yauco by ordinance attempted to put a tax on molasses (*miel*) introduced into the municipality. When the case of *Fantauzzi.* v. *Municipal Assembly of Arroyo,* 295 Fed. 804, was invoked the District Court of Ponce sought to distinguish it on the ground that the ordinance did not

attempt to put a tax on any central making sugar or molasses but solely on the molasses which was brought from other places into Yauco. The court denied the appellants an injunction.

The argument of the court and the appellees is not without considerable force. It does not seem entirely unreasonable that in order to raise revenues a municipality might place a tax on goods or products introduced into its centers. This is a common form of European tax.

However, under the decision of the Circuit Court of Appeals, fortified by the decision of the Supreme Court of the United States in *Central Victoria* v. *Cami*, 265 U. S. 577, we think that once a right to tax a particular business or industry is fixed by our Legislature no other tax may be imposed directly or indirectly on that business. See also *Fajardo Development Co.* v. *Camacho*, 35 P.R.R. 327. The idea clearly expressed by these opinions is that a municipality may impose a tax only when the taxation for that business has not been already determined by the Legislature. The appellees nominally would be disposed to concede this proposition. The attempt to distinguish is that no business is sought to be taxed in Yauco. We think it is clear, however, that when taxation of a particular business is excluded (45 *f* of the Municipal Law, Laws of 1925, p. 727) because already covered by insular authority the exclusion or prohibition extends not only to the municipality where the business is located but to all the municipalities of the Island. The Legislature has already determined how the business of this particular industry shall be locally taxed, and this is a clear case of *expressio unius est exclusio alterius*. To hold otherwise would allow municipalities to tax by indirection what it was the object of the Legislature to prevent. Presumably all municipalities send certain of their products over their borders and if these products may be taxed elsewhere on the Island the intendment of the Legislature would be defeated.

The injunction in this case should issue. The appellees say that the remedy of the taxpayer was to have paid under protest in accordance with the Act of 1914, section 13. We think, however, that the said section is applicable to taxes within the general scope of the taxation authorized by the paramount power, the Legislature. The case is different from the one where the state requires payments to be made into its own treasury.

The judgment should be reversed and the injunction granted. The case is sent back for further proceedings not inconsistent with this opinion.